IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE CLARK

       Plaintiff,                          07cv0266
                                               **ELECTRONICALLY FILED**

      v.

UNIFUND CCR PARTNERS, BERNSTEIN
LAW FIRM, P.C.

       Defendants

**Memorandum Opinion**

**I.    Introduction**

This an action brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Plaintiff, Joanne Clark, alleges that defendants Unifund CCR Partners (Unifund) and the Bernstein Law Firm, P.C., violated the FDCPA in several respects during litigation initiated by defendant Unifund (doing business as Unifund assignee of Citibank) in the Court of Common Pleas of Allegheny County against plaintiff for her alleged failure to pay credit card debt.

On July 11, 2006, the Bernstein Law Firm filed a civil action against plaintiff on behalf of Unifund in the Court of Common Pleas of Allegheny County seeking to recovery an unpaid balance of $10,377.17, plus attorney's fees, costs, and interest. On October 25, 2006, plaintiff (through counsel) filed Preliminary Objections to the State Court Action. On November 9, 2006, on behalf of their clients, Bernstein Law Firm and counsel for plaintiff both signed and filed a Joint Praecipe to Settle, Discontinue and End, With Prejudice the State Court Action. On March 1, 2007, plaintiff commenced the instant action seeking statutory damages, actual damages,

attorney's fees, litigation expenses and costs arising from defendants alleged violations of the FDCPA.  Plaintiff also seeks to certify this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

Currently pending before this Court is the Motion of Defendant Bernstein Law Firm to Dismiss (doc. no. 7) with supporting brief and documentation and the Motion of Defendant Unifund for Joinder to Bernstein Law Firm's Motion to Dismiss (doc. no. 13).  After careful consideration and for the reasons that follow, this Court will grant said motions and will dismiss this case with prejudice.[1]

## II.    Standards of Review

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).  As the United States Court of Appeals for the Third Circuit

---

[1]Plaintiff indicated in her Response to the Motion for Joinder that she does not object to Unifund's Motion for Joinder.  Accordingly, said motion (doc. no. 13) will be granted.

explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

### III. Discussion

The FDCPA was enacted by Congress to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether there is a valid debt owed. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982). The United States Court of Appeals for the Third Circuit has determined that the FDCPA, "should be enforced by debtors acting as private attorneys general," *Graziano v. Harrison,* 950 F.2d 10, 113 (3d Cir. 1991), and the Act is to be liberally applied and administered. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

The Court of Appeals for the Third Circuit applies a "least sophisticated consumer" standard to analyze the protections afforded under the FDCPA, including whether a debtor would be confused or misled by contradictory or overshadowing information contained in debt collection notices. *Graziano*, 950 F.2d at 111. This standard is lower than that of a reasonable debtor, and reflects the policy of the FDCPA to protect both shrewd and gullible consumers. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

### (A)   Alleged Violations of 15 U.S.C. § § 1692, 1692(e) and 1692e(10)

Plaintiff alleges that defendants violated Sections 1692e, 1692e(2) and 1692e(10) of the

FDCPA by making false, deceptive or misleading statements in the State Court Action Complaint.

Section 1692e, entitled "False or misleading representations", states in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> > (A) the character, amount, or legal status of any debt; or
> > (B) any services rendered or compensation which may be lawfully received by any debt collection for the collection of a debt.
> >           * * *
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**(1)      Unifund CCR Partners did not issue the line of credit**

Plaintiff alleges that the allegations of the State Court Action which state that "Clark applied for and received a Citi Platinum Select credit card issued by Plaintiff [Unifund CCR Partners]" were false because Unifund CCR Partners was not in the business of issuing charge accounts or lines of credit, and did not issue a charge account or line of credit to Clark or anyone else. Rather, according to plaintiff, Unifund CCR Partners is in the business of purchasing charged-off debts from banks and other credit grantors.

What plaintiff does not mention in her complaint is that the caption of the underlying State Court Action Complaint (which was attached as Exhibit A to her complaint and thus will be considered in the context of the motion) plainly identifies the plaintiff as "UNIFUND CCR

PARTNERS doing business as UNIFUND assignee of CITIBANK (SOUTH DAKOTA) NATIONAL ASSOCIATION account issued under the Name of CITI PLATINUM SELECT, Plaintiff." (Doc. No. 1-2).

Furthermore, Paragraph 1 of the State Court Action Complaint avers the legal identity of the plaintiff bringing the lawsuit as "Plaintiff, Unifund CCR Partners doing business as Unifund . . . as the assignee of the rights of Citibank (South Dakota) National Association account issued under the name of Citi Platinum Select, stands in its assignor's stead, and both are hereinafter referred to interchangeably as 'Plaintiff.'" (Doc. No. 1-2).

Also, attached as Exhibit "1" to the State Court Action Complaint was the Citibank Card Agreement which clearly identifies that the credit card in question was issued by Citibank (South Dakota), N.A.  Moreover, Unifund CCR Partners' Affidavit of Indeptedness, also attached to the State Court Action Complaint (doc. no. 1-3) states in pertinent part: "Citibank (South Dakota) National Association's account was issued under the name of CITI PLATINUM SELECT. Unifund CCR Partners purchased this account from Citibank (South Dakota) National Association."

Reading the caption of the complaint, along with Paragraph 1 of the Complaint, and the letters attached to the complaint in the light most favorable to the plaintiff, the Court concludes that neither the complaint nor the letters would confuse or mislead even the "least sophisticated debtor," as a matter of law.  The Court find that when read as a whole, the "least sophisticated debtor" would not be confused or misled by contradictory or overshadowing information contained in debt collection notices.  To the contrary, the State Court Action Complaint clearly and plainly identifies that Unifund CCR Partners did not actually issue the credit card upon

which the debt collection lawsuit was based, but rather, Unifund "purchased this account from Citibank (South Dakota) National Association."

### (2) Documentation of the Debt

Plaintiff next alleges that the State Court Action Complaint "had no documentation of the debt attached" other than the Affidavit of Defendant Unifund CCR Partners, which "asserts that a certain amount, $10,377.17 in the case of Plaintiff, is owed." (Doc. No. 1, ¶¶ 13, 15).

Again, to the contrary, in addition to the Affidavit of Indeptedness, Bernstein Law Firm also attached a Statement provided to them by Unifund which further identifies and evidences the debt. (See Doc. No. 1-4).

In *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006), plaintiff sued under the FDCPA, alleging that defendant violated the FDCPA "by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant Great Seneca . . . owned the debt." The district court dismissed Harvey's claims under FDCPA, §§ 1692(d) and 1692(e)(10), and the United States Court of Appeals for the Sixth Circuit affirmed finding that: "[e]ven when viewed from the perspective of an unsophisticated consumer, **the filing of a debt-collection lawsuit without the immediate means of proving the debt** does not have the natural consequence of harassing, abusing, or oppressing a debtor." (Emphasis added).

Also, in *Deere v. Javitch*, 413 F.Supp.2d 886, 891 (S.D. Ohio 2006), which involved a factual scenario similar to *Harvey,* the United States District Court for the Southern District of Ohio Court held the following, which this Court finds to be instructive:

> However, filing a lawsuit supported by the client's affidavit attesting to the existence

6

and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. [Plaintiff] does not allege that anything in the state court complaint was false, or that the complaint was baseless. She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

Based upon the above-cited law, plaintiff's claim that defendant Bernstein Law Firm, P.C. made a false, deceptive, or misleading representation by attaching the affidavit of defendant Unifund CCR Partners to the State Court Action Complaint, without attaching further documentary evidence of the debt, is insufficient to make out a claim under the FDCPA as a matter of law, and thus, will be dismissed with prejudice.

**(3)    Statute of Limitations**

Plaintiff also alleges that "Plaintiff's credit card first went into default four years prior to the date Defendant Law Firm filed the State Court Complaint," and that the "suit filed against her was beyond the applicable Statute of Limitations."

Plaintiff, however, has failed to identify the date in the complaint, when the last activity occurred on her credit card account. This Court finds that plaintiff's claim that Bernstein Law Firm made a false, deceptive or misleading representation and committed an unfair practice by filing the State Court Action Complaint after the debt allegedly became time-barred by the statute of limitations is a vague legal conclusion and is legally insufficient under the FDCPA and will be dismissed with prejudice.[2]

---

[2] Defendants also move this Court to dismiss the remaining allegation that the request for contractual attorney's fees is barred by South Dakota law. In her response to the motion to dismiss (doc. no. 14, at page 2), plaintiff has agreed to drop this claim and therefore this Court will not address this claim.

**IV.     Conclusion**

Accepting all well pleaded allegations of the complaint as true and viewing them in the light most favorable to plaintiff, and even viewing plaintiff's factual allegations from the perspective of the "least sophisticated consumer," plaintiff's claims that the State Court Action Complaint makes false, deceptive or misleading representations under Sections 1692e, 1692e(2) and 1692e(10) of the FDCPA are insufficient as a matter of law.  Accordingly, this case will be dismissed with prejudice.  As a result, plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), will also be dismissed since there is no case or controversy between plaintiff and defendant and the class itself has not been properly certified in accordance with Fed. R. Civ. P. 23(c).  *See In re Mortgagors of Temple-Inland Mortgage Corp.*, 2001 WL 177181 (E.D. Pa. 2001).  An appropriate order follows.

                                                                s/Arthur J. Schwab
                                                                Arthur J. Schwab
                                                                United States District Judge

cc:     All Registered ECF Counsel and Parties